IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BERRYMAN PRODUCTS, INC.,          §
                                  §
          Plaintiff,              §
                                  §
VS.                               §   NO. 4:04-CV-771-A
                                  §
ADDITIVES, INC.,                  §
                                  §
          Defendant.              §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of third-party
defendant, Ashland, Inc. ("Ashland"), for summary judgment.  The
court, having considered the motion, the response of defendant
Additives, Inc. ("Additives"), the response of plaintiff,
Berryman Products, Inc., the reply, the record, the summary
judgment evidence, and applicable authorities, finds that the
motion should be granted in part.

I.

Pending Claims

On August 30, 2004, plaintiff filed its original petition
against Additives in the 236th Judicial District Court of Tarrant
County, Texas.  Briefly, plaintiff alleged that it is in the
business of selling chemical products for use in the automotive
industry; that plaintiff ordered from Additives certain blended
chemicals that were represented by Additives to be phosphate-free

and that could be utilized in metal aerosol containers; that
Additives subsequently contracted with Ashland to provide the
blended chemicals to plaintiff; that the blended chemicals
provided by Ashland did not have the same composition and match
the specifications of the samples previously provided by
Additives; that the aerosol containers in which the product was
sold leaked and exploded, damaging not only the products but
other property in the stores in which the cans were sold; and
that plaintiff has suffered expense, loss of revenue, and loss of
business reputation as a result.  Plaintiff sued Additives for
negligence, breach of warranties, and breach of contract.

On October 22, 2004, Additives filed its notice of removal,
bring the action before this court.  On November 18, 2004, having
first obtained leave of court, Additives filed its third-party
complaint against Ashland.  Additives alleges that, if it is
liable to plaintiff, Ashland is liable to Additives, because
Ashland supplied the blended chemicals.  Additives sues Ashland
for negligence, breach of warranties, and breach of contract.

On March 25, 2005, having first obtained leave of court,
plaintiff filed its first amended complaint adding as defendants
Silco Distributing Company, Inc., Richard A. Silverberg, and
Ashland.  Plaintiff sues Ashland for negligence, breach of
implied warranties, and violation of the Texas Deceptive Trade
Practices--Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§
17.41 - .63 (Vernon 2002) ("DTPA").

2

II.

Grounds of the Motion

Ashland asserts numerous grounds in support of its motion for summary judgment.  It contends that neither plaintiff nor Additives can prevail on their claims against it.  The grounds will be set forth, infra, along with the discussion of each.

III.

Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The moving party has the initial burden of showing that there is no genuine issue of material fact.  Anderson, 477 U.S. at 256.  The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986).  Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The party opposing the motion may not rest on

3

mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. <u>Anderson</u>, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." <u>Forsyth v. Barr</u>, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. <u>Anderson</u>, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. <u>Simmons v. Lyons</u>, 746 F.2d 265, 269 (5th Cir. 1984).

The standard for granting a summary judgment is the same as the standard for rendering judgment as a matter of law. <u>Celotex Corp.</u>, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita</u>, 475 U.S. at 597. <u>See also</u> <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict).

IV.

Undisputed Evidence

The following is an overview of evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record:

In February 2002, plaintiff entered into an agreement with Additives to purchase certain blended chemicals, known as "locomotive cleaner" from Additives.  Plaintiff intended to repackage the locomotive cleaner and resell it to retailers such as Auto Zone.  Locomotive cleaner was Additives' proprietary product.  Additives would not, and did not, disclose to plaintiff its formula.  Plaintiff was prohibited from performing any sort of compositional analysis on the cleaner.  Plaintiff contends that it told Additives that plaintiff intended to sell the cleaner in aerosol cans.  No Ashland representative was present during the negotiations between plaintiff and Additives, and Ashland played no role in their negotiations.

After supplying the cleaner to plaintiff for awhile, Additives determined that it would be more cost effective for the chemicals to be blended locally by Ashland and delivered to plaintiff.  Ashland agreed to blend and supply the chemicals in conformance with specifications and blending instructions provided by Additives and agreed not to deviate from those specifications.  Plaintiff's only communications with Ashland had to do with the logistics of the order process.  Ashland never

5

made any oral or written representations to plaintiff regarding the chemicals it delivered to plaintiff.

Upon receipt of shipments of the chemicals, plaintiff added a propellant and packaged the product in aerosol cans.  Additives did not tell Ashland that the blended chemicals were going to be utilized by plaintiff in metal aerosol cans.  During the summer of 2003, at a time when Ashland was supplying the blended chemicals to plaintiff, the aerosol cans began to leak and, in some cases, explode.  Damage occurred not only to the products themselves, but to their surroundings.  A single cause for the can failures has not been identified.  Testing showed low pH levels in the blended chemicals delivered by Ashland.

V.

Law Applied to the Facts

A.   Plaintiff's Negligence Claim

To prevail on its claim of negligence, plaintiff must show that Ashland owed it a legal duty, that Ashland breached that duty, and that plaintiff was proximately damaged by the breach. D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002). Proximate cause requires cause in fact and foreseeability.  Id. An act is foreseeable if a person of ordinary intelligence should have anticipated the dangers his negligent act would create for others.  Id.  To show cause in fact, plaintiff must prove that an act or omission was a substantial factor in bringing about its injury and that the injury would not have occurred without the

act or omission.  Excel Corp. v. Apodaca, 81 S.W.3d 817, 820

(Tex. 2002).  Plaintiff must have evidence to establish cause in

fact; mere conjecture, guess, or speculation is insufficient.

Id.

     Ashland contends in its motion for summary judgment that it

did not breach any duty to plaintiff, because it blended the

chemicals in accordance with specifications provided by

Additives.[1]  Alternatively, Ashland argues that there is no

evidence that it caused any damage to plaintiff since the

chemicals it supplied met the specifications.[2]  As for the first

ground, summary judgment evidence raises a genuine fact issue as

to Ashland's compliance with the specifications provided by

Additives.  Testing by plaintiff as well as Ashland shows that pH

levels in the chemicals blended by Ashland were below

specification.  Further, there is a genuine issue of material

fact as to the validity of the certificates of analysis upon

which Ashland relies.  Ashland's second ground, based on the same

allegations as the first, i.e., that it met the specifications

given by Additives, fails for the same reasons.

_____

     [1]Had Ashland simply argued that it owed plaintiff no duty, the
outcome might have been different.  That is a subject that the
parties should be prepared to address at the pretrial conference on
August 1, 2005.

     [2]Had Ashland simply argued that plaintiff could not adduce
evidence to support a finding of foreseeability contemplated by
proximate cause, it might have prevailed.  That, too, is a subject
that the parties should be prepared to address at the pretrial
conference.

B.   Plaintiff's Claim For Breach Of Implied Warranty Of
     Merchantability

To prevail on its claim for breach of implied warranty of
merchantability, plaintiff must show that Ashland sold it goods,
that the goods were unmerchantable, that plaintiff notified
Ashland of the breach, and that plaintiff suffered injury.  Tex.
Bus. & Com. Code Ann. §§ 2.314; 2.607(c)(1); 2.714; 2.715 (Vernon
1994).  With regard to this claim, Ashland's summary judgment
grounds are that there is no evidence that the blended chemicals
were unmerchantable when they left Ashland's possession, that
plaintiff did not give Ashland notice of a breach of warranty,
and that plaintiff did not give Ashland a reasonable opportunity
to cure.

Ashland's argument with regard to the first ground is that,
because the blended chemicals it supplied to plaintiff met
Additives' specifications, there is no evidence that the blended
chemicals were unmerchantable.  As previously discussed, however,
the evidence does not establish that the chemicals Ashland
supplied met the necessary specifications.  Nevertheless,
plaintiff has not pointed to any evidence to show that the
blended chemicals were unfit for ordinary purposes, i.e., for use
as a cleaner, at the time Ashland delivered them.  See Plas-Tex,
Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 444 (Tex. 1989).[3]

_____

[3]Because plaintiff has not come forward with evidence of a
defect, the court need not reach the issues of notice and opportunity
to cure.

8

C.   Plaintiff's Claim For Breach Of The Implied Warranty Of Fitness For Particular Purpose

The Uniform Commercial Code provides, in pertinent part:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

Tex. Bus. & Com. Code Ann. § 2.315 (Vernon 1994).

With regard to this claim, Ashland urges in its summary judgment motion that it had no knowledge of any particular purpose for which plaintiff would use the blended chemicals, that there is no evidence that plaintiff could have relied on Ashland's skill and judgment in selecting goods for any particular purpose, and that plaintiff failed to notify Ashland of the breach of warranty or give it an opportunity to cure. Plaintiff's response in this regard is not much of a response at all.  Its speculation about what Ashland might have known is insufficient to raise a genuine fact issue with regard to the claim for breach of implied warranty of fitness for a particular purpose.

D.   Plaintiff's DTPA Claim

To prevail on its claim for violation of the DTPA, plaintiff must show that it is a consumer, that Ashland violated a specific provision of the Act, and that the violation was a producing cause of plaintiff's injury.  Amstadt v. U.S. Brass Corp., 919

9

S.W.2d 644, 649 (Tex. 1996).  Ashland urges that it is entitled to judgment on the grounds that:  (1) because plaintiff's warranty claims fail, so does its DTPA claim; (2) Ashland did not make any representations to plaintiff; (3) plaintiff cannot prove causation; and (4) plaintiff did not give pre-suit notice to Ashland of its DTPA claim.

Plaintiff has not raised a genuine issue of material fact as to either of its implied warranty claims.  As for any other basis for a DTPA claim, plaintiff has not come forward with summary judgment evidence to show that Ashland made any representation to it that would give rise to a DTPA claim.

E.   Additives' Claim For Breach Of Contract

Ashland urges two summary judgment grounds with regard to Additives' breach of contract claim.  First, it did not breach its contract with Additives, because it delivered chemicals that met Additives' specifications.  And, second, Additives did not seasonably notify it of revocation of acceptance of the blended chemicals.  As earlier discussed, there is a genuine fact issue as to whether Ashland delivered blended chemicals that met Additives' specifications.  Further, the summary judgment evidence shows that Additives gave notice to Ashland in September 2003, as soon as it learned of the problems encountered by plaintiff.

10

F.   Additives' Negligence Claim

Ashland contends in its summary judgment motion that Additives cannot prevail on its negligence claim, because (1) the claim is precluded by the economic loss rule; (2) Ashland blended the chemicals in accordance with specifications provided by Additives; and (3) there is no evidence that Ashland caused damage to plaintiff or Additives.  Ashland correctly cites cases holding that if the plaintiff's only injury is economic loss to the subject of the contract itself, no action in negligence lies. See Jim Walter Homes, Inc. v. Reed, 711 S.W.2d 617, 618 (Tex. 1986); Indelco, Inc. v. Hanson Indus. N. Am.-Grove Worldwide, 967 S.W.2d 931, 932-33 (Tex. App.--Houston [14th Dist.] 1998, pet. denied).  However, the evidence here is that the loss extended beyond the aerosol cans themselves.  Second, there is evidence that the chemicals supplied by Ashland did not conform to Additives' specifications.  And, third, the evidence is that the aerosol cans that failed contained the blended chemicals provided by Ashland and that Ashland's blending caused or contributed to causing the cans to fail.[4]

G.   Additives' Claims For Breach Of Warranty

Finally, Ashland seeks summary judgment on each of Additives' breach of warranty claims.  Additives concedes that it

---

[4]Had Ashland focused on the foreseeability requirement of proximate cause, the outcome might have been different.  An issue to be discussed at the pretrial conference is the standard to apply and whether there is a genuine fact issue as to causation.

11

does not have a claim for breach of express warranty against
Ashland.  Additives' Summ. J. Resp. at 10, ¶ 3.10.  And,
Additives does not argue that it has a claim for breach of an
implied warranty of fitness for particular purpose.  Id. at ¶
3.11.

As for the claim of breach of implied warranty of
merchantability, Ashland's summary judgment grounds are (1) that
the chemicals it supplied met Additives' specifications, and (2)
that Additives did not notify Ashland of any breach of warranty
or give it an opportunity to cure.  The summary judgment evidence
is sufficient to raise a fact issue as to whether the blended
chemicals were merchantable in that there is evidence that they
did not meet the specifications provided by Additives.  (The
goods had to meet the specifications in order to fulfill
Additives' contract with plaintiff, the purpose for which they
were procured.)  And, there is evidence that Additives gave
notice to Ashland in September 2003 of the problems plaintiff was
having.

VI.

Order

For the reasons discussed herein,

The court ORDERS that Ashland's motion for summary judgment
be, and is hereby, granted in part; that plaintiff take nothing
on its claims against Ashland for breach of the implied
warranties of merchantability and fitness for particular purpose

12

and for violation of the DTPA; and, that Additives take nothing on its claims against Ashland for breach of express warranty and breach of implied warranty of fitness for particular purpose.

The court FURTHER ORDERS that at the pretrial conference in this action, the court will conduct a hearing as contemplated by Rule 56(d) of the Federal Rules of Civil Procedure, at which time plaintiff shall be prepared to present any evidence, argument and authorities it has on the subjects of whether Ashland owed it any duty and whether the element of causation can be established, and Additives shall be prepared to present any evidence, argument and authorities it has on the subject of causation and whether causation can be established.

SIGNED July 27, 2005.

/s/

JOHN McBRYDE
United States District Judge

13